IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Stephon Bernard Peake,<br>　　　　　　　Plaintiff,<br>　　vs.<br>United States of America,<br>　　　　　　　Defendant. | Civil Action No. 1:20-cv-1450-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, alleging the United States of America was negligent in failing to protect him from an attack by his cellmate, and in "neglecting him" while he was in the Special Housing Unit ("SHU"). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

On July 28, 2020, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6). ECF No. 24. Because Plaintiff is proceeding *pro se*, a *Roseboro* Order was mailed to him the same day, advising him of the importance of a dispositive motion and the need to file an adequate response. Plaintiff filed a response in opposition. ECF No. 33. Defendant did not file a reply. The Magistrate Judge issued a Report recommending Defendant's motion to dismiss be granted. ECF No. 35. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the report on September 28, 2020. ECF No. 37. Defendant did not file a reply.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge recommends dismissing Plaintiff's claim regarding the assault by his cellmate for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA. She further recommends dismissal of Plaintiff's claims of negligent treatment in the SHU[1] for failure to state a claim on which relief may be granted.

Plaintiff objects. ECF No. 37. He describes his efforts to change his cell before his cellmate attacked him, explaining he made officials aware of a safety issue with his cellmate but they did nothing in response, in violation of their duty to protect prisoners from unreasonable risk.

---

[1] Plaintiff claims SHU staff read his mail, failed to provide access to BP-8 forms and the law library, and neglected his medical care.

*Id*. at 2-3.  He contends a "federal employee knew or should have known Plaintiff was being put in an unsafe situation." *Id.* at 3.  Plaintiff notes he requested an attorney, which was denied by the Magistrate Judge, and has submitted documentation of his reports of altercations with his cellmate. *Id.* at 7-8.  He also acknowledges his treatment in the SHU "would be difficult to prove," but wanted to include it to show the "pattern of reckless or negligent conduct by the officials." *Id.* at 9.  He argues his FTCA claim is not based on cell assignment or his placement in the SHU, but rather the negligent acts of officials leading to the attack – he asserts his "request to be moved was merely a solution Plaintiff thought of" to abate the issues with his cellmate. *Id.* at 11.  He states prison officials failed to use reasonable care to keep him safe, and therefore acted negligently. Finally, he requests an attorney to assist him with moving the case forward, and asks that dismissal not be granted.

The court agrees with the Magistrate Judge the discretionary function exception to the FTCA applies, and bars this court from adjudicating the claim of injury after an attack due to lack of jurisdiction.  The Bureau of Prisons ("BOP") is charged with providing for, among other things, safekeeping and care of all persons charged with or convicted of offenses against the United States. *See* 18 U.S.C. § 4042(a)(2).  While Plaintiff argues in his objections his claim is not based on cell assignment, but a negligent failure to keep him safe, this is still covered by § 4042(a)(2).  BOP officials therefore have discretion in how to carry out this directive, including discretion in housing determinations for inmates. *See Rich v. United States*, 811 F.3d 140, 145 (4th Cir. 2015) ("Under the statute's broad directives, the BOP retains discretion regarding the implementation of those mandates."). *Rich* further found "prisoner placement and the handling of threats posed by inmates

3

against one another are part and parcel of the inherently policy laden endeavor of maintaining order and preserving security within our nation's prisons." *Id.* (citing *Cohen v. United States*, 151 F.3d 1338, 144 (11th Cir. 1998)). *Rich* was not based solely on housing or cell decisions, but negligence in failing to protect the plaintiff from harm, namely an attack by the Aryan Brotherhood in the recreation cage.

The Fourth Circuit held the discretionary function exception applied in *Rich*, and is also applies in this case. Although Plaintiff argues his claim is not based specifically on housing or cell decisions, but a failure to keep him safe, the BOP has discretion in determining how best to protect him from harm. Accordingly, the discretionary function exception applies and the court lacks jurisdiction to consider the merits of Plaintiff's claim of negligence regarding his attack.[2]

As for Plaintiff's claims regarding his treatment in the SHU, he does not make specific objections to the Magistrate Judge's Report, noting only he knew those allegations would be "difficult to prove" but included them to show a pattern of negligence. The court therefore reviews that portion of the Report for clear error and, finding none, adopts that portion of the Report.

---

[2] The court also concludes Plaintiff is not entitled to discovery on this issue, as there are no facts Plaintiff could find through discovery that would establish jurisdiction. *See Rich*, 811 F.3d at 146.

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation Defendant's motion to dismiss be granted. The court therefore adopts the Report and incorporates it by reference. Defendant's motion to dismiss (ECF No. 24) is granted, and Plaintiff's Complaint is dismissed with prejudice.[3]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 2, 2020

---

[3] Plaintiff's request for an attorney is denied for the reasons stated by the Magistrate Judge. *See* ECF No. 5 at 1.

5