IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Stephon Bernard Peake,<br><br>                    Plaintiff,<br><br>            vs.<br><br>United States of America,<br><br>                    Defendant. | Civil Action No. 1:20-cv-1450-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff Stephen Bernard Peake's ("Plaintiff") motion to alter or amend the judgment. ECF No. 42. Plaintiff argues he needs an attorney to assist him in this case to present a proper claim, it was "impossible under such strains of the pandemic" to present his case appropriately, and he believed he had pled his case as required by the law. He then argues the substance of his case. He contends the Judgment entered November 3, 2020 is invalid because the Magistrate Judge never recommended dismissal. Finally, he requests to add the Federal Bureau of Prisons ("BOP") as a defendant.

Defendant filed a response in opposition, contending Rule 59 of the Federal Rules of Civil Procedure applies and Plaintiff's motion fails under that standard. ECF No. 43. It further opposes amendment of the Complaint to include the BOP as a party, because such amendment would be futile as the proper defendant under the Federal Tort Claims Act ("FTCA") is the United States.

Plaintiff filed a reply, contending his requested amendment is not improper. He argues "this miscarriage of justice has been the story of his entire civil action" and notes it is due to his lack of legal knowledge that he "improperly" requested the court add the BOP as a defendant. He states he is unaware of any other form of lawsuit stemming from an FTCA claim, and is "simply arguing" the United States has a duty to ensure the safety of federal detainees, and that "what

happened to him was not a discretionary function."[1]  He seeks relief from the prior judgment and appointment of counsel to assist him in further proceedings.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.  Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

"[W]here the purpose of a Rule 59(e) motion is to file a proposed amended complaint, the Fourth Circuit has made clear that 'the court need not concern itself with [Rule 59(e)'s] legal standards' but 'need only ask whether the amendment should be granted, just as it would on a prejudgment motion

---

[1] Plaintiff argues the Judgment is incorrect because it stated it adopted the Report and Recommendation of Magistrate Judge Paige Gossett, when Magistrate Judge Shiva Hodges was assigned to the case and wrote the Report.  Plaintiff is correct the Judgment (ECF No. 40) contains a scrivener's error regarding the author of the Report; however, this does not change the outcome of the case.

2

to amend pursuant to [Rule] 15(a).'" *Kramer v. Omnicare ESC, LLC*, 307 F.R.D. 459, 463 (D.S.C. 2015) (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

Plaintiff's motion fails on the merits. The court agrees his proposed amendment to add the BOP as a defendant would be futile, as only the United States is a proper defendant under the FTCA. If Plaintiff's only claim is for negligence, it must be one against the United States under the FTCA, and the law in this area requires the court to dismiss Plaintiff's claim based on the discretionary function exception, despite Plaintiff's further arguments to the contrary. Further, as previously explained, Plaintiff has no right to counsel in a civil case. The court understands the difficulty in accessing the law library and prosecuting a case during a pandemic. However, this cannot justify appointment of counsel for every *pro se* litigant pursuing a case – there are simply not the resources to assist every inmate to bring and litigate the desired claims.

Accordingly, Plaintiff's motion (ECF No. 42) is denied.[2]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 17, 2020

---

[2] The Clerk is directed to file an Amended Judgment correcting the scrivener's error regarding the name of the Magistrate Judge in ECF No. 40.